Filed 2/23/24  Radovic v. Milosevic CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MILICA RADOVIC, | D081145 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2020-00020833-CU-BC-NC) |
| SLAVISA MILOSEVIC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Affirmed.

Haight Brown & Bonesteel, Arezoo Jamshidi, and Kaitlyn Jensen for Defendant and Appellant.

Law Offices of Jennifer B. Cottis and Jennifer B. Cottis for Plaintiff and Respondent.

Slavisa Milosevic appeals an order granting Milica Radovic's requests for (1) issue and evidentiary sanctions, and (2) $6,010 in monetary sanctions.

Although an order granting non-monetary sanctions is not immediately appealable, our review of the appealable monetary sanctions necessarily

requires us to address whether it was proper for the trial court to grant the underlying issue and evidentiary sanctions. We conclude that because the court did not abuse its discretion in ordering *non*-monetary sanctions, awarding monetary sanctions—which were only to compensate Radovic's counsel for the fees and costs associated with requesting the non-monetary sanctions—was also appropriate. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

### A. *Complaint and Cross-Complaint*

Radovic and Milosevic went into business together running group living facilities. After their relationship soured, Radovic sued Milosevic in June 2020 alleging fraud, breach of contract, and an equitable lien on property. Radovic later amended her complaint to add causes of action for breach of fiduciary duty and breach of implied covenant of good faith and fair dealing. The operative complaint alleges that Radovic loaned Milosevic at least $180,000 which he failed to repay as agreed, and that he wrongfully ousted Radovic from businesses to which she contributed significant resources.

Milosevic cross-complained, alleging that Radovic willfully mischaracterized him as an independent contractor when he was in fact her employee. According to Milosevic, Radovic owes him unpaid wages, damages, and penalties for her failure to provide rest and meal periods, among other things.

### B. *Radovic's Motion to Compel*

Discovery ensued, and in October 2021, Radovic served a second set of requests for production of documents (RFPs) on Milosevic. The RFPs included requests for financial and operating records for the group living facilities, as well as communications relating to the businesses. After Milosevic did not timely respond or present himself for a noticed deposition,

2

in December 2021, Radovic applied for an ex parte order continuing the existing trial and motion cut-off dates. Milosevic opposed the application, asserting that his responses "were timely prepared and proper objections asserted[.]" After a hearing on December 9, 2021, the trial court denied Radovic's application without prejudice and directed Milosevic to furnish proof of service. Milosevic served objections to the RFPs on December 16, but provided no proof that he ever served responses to the RFPs before the hearing. On December 20, Radovic applied for an ex parte order shortening time for a motion to compel, alleging that Milosevic's objections to the RFPs were untimely, that he had misrepresented to the court that he had timely served responses to the RFPs, and that he had unduly delayed his deposition.

The trial court continued the trial and related motion cut-off dates and set a hearing date for February 4, 2022, for Milosevic to seek relief from the waiver of his objections, and also to hear Radovic's motion to compel.

In Milosevic's motion for relief from waiver of objections filed in January 2022, he asserted that his objections and responses to the RFPs were untimely because of holiday staffing issues, illness, and other personal reasons. Milosevic also attached amended responses and objections to the RFPs as an exhibit to his motion. In those responses, he asserted various objections based on irrelevance, "privacy grounds," "third-party privacy rights," harassment, "previously propounded" requests, and undue burden, among other grounds. He also claimed inability to comply, asserting that many of the requested documents were actually in Radovic's possession. He produced no documents, but represented that he would produce non-privileged documents in response to one request seeking supporting documentation for the damages he was alleging in his cross-complaint.

3

Milosevic did not appear at the February 4, 2022 motion hearing. The trial court nonetheless granted Milosevic's motion for relief from waiver of objections and found that his objections and responses were "procedurally and substantively Code-compliant." The court denied Radovic's motion to compel as to 52 of her document requests; however, the court found that Milosevic's objections to 39 of the requests were unjustified. The court noted that to the extent Milosevic contended the requests were burdensome, were previously propounded, implicated third-party privacy rights, or were overbroad, he provided no evidence to support those contentions. The court further found that his objections based on relevance were invalid and without merit.

The court ordered Milosevic to serve code-compliant responses and responsive documents to those 39 requests within 14 days, along with the one request for which he had already agreed to provide responsive documents. The court also awarded Radovic $3,000 in monetary sanctions after finding that although Radovic was only partially successful in her motion to compel, Milosevic failed to demonstrate his RFP objections were substantially justified, and evidence showed he did not sufficiently meet and confer.

*C. Radovic's First Motion for Terminating Sanctions*

Milosevic served none of the ordered responses by the court's deadline. In March 2022, Radovic applied for another ex parte order to continue the approaching trial and discovery cut-off dates, and to set a hearing for a forthcoming request for terminating sanctions. At the hearing on Radovic's application, the court continued the trial and related dates. The court also gave Milosevic leave to file a motion for reconsideration of the court's February 2022 order, and for a protective order. Milosevic argued in his motion, among other things, that the February 2022 order would cause

4

"imminent . . . and irreparable harm arising from disclosure of financially sensitive information and proprietary data[.]"

In her motion for terminating sanctions, Radovic contended there was no basis for reconsideration, detailed the history of Milosevic's non-compliance with the February 2022 order, and described other obstructionist behavior by his counsel. Radovic requested that the court strike Milosevic's answer and amended cross-complaint, or in the alternative, impose issue and evidentiary sanctions, along with additional monetary sanctions. Milosevic did not file an opposition brief, but rather submitted an untimely declaration stating that the February 2022 order was obtained "in a procedurally unfair manner[.]"

On May 27, 2022, the court heard the parties' arguments on their respective motions and denied Milosevic's motion for reconsideration. After recounting Milosevic's various procedural missteps and the substantive deficiencies in his motion, the court noted it was "troubled by the representations" of Milosevic's counsel relating to why he was absent from the February 2022 hearing. The court further observed that Milosevic did not promptly seek a protective order to address the privacy concerns he alleged in his RFP responses, nor did his counsel reference any meet-and-confer efforts preceding his motion—rather, it appeared he ignored Radovic's efforts to resolve the issue. Lastly, the court found that Milosevic did not meet his burden of showing good cause for a protective order. The court awarded Radovic $4,357.50 in monetary sanctions in connection with Milosevic's denied motion for reconsideration and again ordered Milosevic to provide code-compliant responses pursuant to the February 2022 order.

The court denied Radovic's request for non-monetary sanctions due to procedural deficiencies in her motion, but the court also noted that even

5

though Milosevic failed to comply with the February 2022 order, he "did attempt" to have the court reconsider the order. The court also denied Radovic's request for monetary sanctions in light of its sanctions award related to Milosevic's failed motion for reconsideration. But the court put Milosevic "on notice that failure to comply with court orders and/or future misuses/abuses of the discovery process could expose him to the very sanctions [Radovic] sought" in her motion.

*D. Radovic's Second Motion for Terminating Sanctions*

Milosevic eventually paid the monetary sanctions, but still furnished no responses to the RFPs identified in the February 2022 order. Instead, on June 3, 2022, he produced documents that were attached to earlier pleadings in the case, and which were largely non-responsive to the RFPs at issue. Milosevic's counsel also asserted, for the first time via email, that many of the ordered documents either did not exist or were not in Milosevic's possession. Radovic requested, and was granted, an ex parte order on June 21, 2022, continuing trial and related dates.

On July 19, 2022, Radovic filed her second motion for terminating sanctions, or in the alternative, evidence and issue sanctions, and requested monetary sanctions of $6,010. Milosevic did not file an opposition brief, but again filed untimely declarations within two days of the upcoming hearing, stating that he had "complied with all of the Court's Orders" and that "[r]esponsive documents have been produced in compliance with the Court orders[.]"

At the hearing on Radovic's motion on August 12, 2022, Milosevic's counsel asserted that he already produced some documents, and to the extent other documents had not been produced, "they are either nonexistent" or not in Milosevic's possession. He suggested that the court issue monetary

6

sanctions to compensate Radovic's counsel for her time and to allow Milosevic to provide formal responses. Radovic's counsel argued that Milosevic still had not produced most of the documents included in the February 2022 order, including communications regarding facility operational expenses, tax documents, and wage statements to support Milosevic's counter-claims. She also noted that several witnesses submitted sworn statements that Milosevic was in possession of responsive records.

When the court inquired about why he and Milosevic had not provided code-compliant responses, Milosevic's counsel said they did not provide "substantive" responses because they "anticipated discovery would be ongoing." He then claimed they had "provided the response" ordered by the court, but after being pressed, he admitted Milosevic's responses were both untimely and not code-compliant.

The court granted in part and denied in part Radovic's motion for sanctions. It found that Milosevic's declarations were untimely, and that although he produced a "small number of documents" in June 2022, they were "largely repeats of previously produced documents," "[m]ost of the documents ordered were not and have not been produced, and [Milosevic] failed to furnish Code-compliant supplemental responses" despite promising to do so. While the court found that Milosevic "unquestionably misused" the discovery process, "repeatedly failed to fulfill promises . . . in the meet and confer process[,]" and acted in a "willful" manner which constituted "an affront to the court and the judicial process[,]" it ruled that terminating sanctions were not yet appropriate because the court had to "take an incremental approach to sanctions."

At the same time, the court noted that "monetary sanctions were plainly insufficient to compel" Milosevic's compliance with the February and

May 2022 orders.  Accordingly, the court imposed issue and evidentiary sanctions "precluding [Milosevic] from introducing evidence or arguments to refute [Radovic's] causes of action for breach of contract and breach of fiduciary duty, and to support [Milosevic's] causes of action for unpaid wages and missed meal and rest breaks."  The court also awarded Radovic $6,010 in additional monetary sanctions.

Milosevic timely appealed.

DISCUSSION

Milosevic argues that the trial court erred in ordering sanctions because he "substantially complied" with the February and May 2022 orders, and because the sanctions were "disproportionate" and "tantamount to a default judgment[.]"  We disagree.

As an initial matter, we begin by addressing appealability.  An order imposing monetary discovery sanctions is immediately appealable if the amount exceeds $5,000, as is the case here.  (Code Civ. Proc.,[1] § 904.1, subd. (a)(12).)  The portion of the order awarding issue and evidentiary sanctions, however, is not directly appealable, but may be reviewed in conjunction with the monetary sanctions if that portion "necessarily affects the judgment or order appealed from . . . ."  (See § 906; see *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 264 (*Mileikowsky*).)  Here, Radovic sought monetary sanctions specifically in connection with her motion for terminating and other sanctions.  She also requested (and the court awarded) an amount that corresponded directly with the hours of work and fees expended preparing and filing the motion.  Accordingly, as was the case in *Mileikowsky*, our analysis of the monetary sanctions necessarily encompasses the propriety of granting the issue and evidentiary sanctions because Milosevic's "principal

---

1    Undesignated statutory references are to the Code of Civil Procedure.

8

argument on appeal is that the monetary award, based as it was on the fees and costs incurred in prosecuting the motion for [non-monetary] sanctions, should be reversed because the motion for [non-monetary] sanctions was not appropriate and should have been denied[.]" (*Mileikowsky*, at p. 276.)  We therefore address whether the court erred in awarding issue and evidentiary sanctions.

*A.  Governing Law*

"We review the propriety of a discovery sanctions award for an abuse of discretion.  [Citation.]" (*Pollock v. Superior Court* (2023) 93 Cal.App.5th 1348, 1358.)  We will reverse "only if [the trial court] was arbitrary, capricious, or whimsical in the exercise of that discretion." (*Department of Forestry & Fire Protection v. Howell* (2017) 18 Cal.App.5th 154, 191.)  "[I]n reviewing the trial court's determination, '[w]e defer to the court's credibility decisions and draw all reasonable inferences in support of the court's ruling.' [Citation.]  To the extent the trial court's decision to issue sanctions depends on factual determinations, we review the record for substantial evidence to support those determinations.  [Citation.]  Thus, our review ' "begins and ends with the determination as to whether, on the entire record, there is substantial evidence, contradicted or uncontradicted, which will support the determination [of the trial court]." ' " (*Id.* at p. 192.)

A party to litigation may obtain discovery by inspecting and copying documents and tangible things in the possession, custody, or control of any other party to the action.  (§ 2031.010, subd. (a).)  When a party receives a document request, they must "respond separately to each item or category of item by any of the following: [¶] (1) A statement that the party will comply with the particular demand . . . . [¶] (2) A representation that the party lacks

9

the ability to comply with the demand . . . . [¶] [or] (3) An objection to the particular demand . . . ." (§ 2031.210, subd. (a).)

"Misuses of the discovery process include, but are not limited to . . . [¶] [m]aking, without substantial justification, an unmeritorious objection to discovery," and "[m]aking an evasive response to discovery." (§ 2023.010, subds. (e), (f).) Section 2023.030, subdivision (a), provides that a trial court "may impose a monetary sanction ordering that one engaging in the misuse of the discovery process . . . pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." When monetary sanctions are authorized, the trial court must "impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§ 2023.030, subd. (a).)

Section 2023.030, subdivisions (b) through (d), authorize additional non-monetary sanctions including issue, evidence, and terminating sanctions. Subdivision (b) states that a court "may impose an issue sanction ordering that designated facts shall be taken as established in the action" against the sanctioned party, or it may also prohibit the sanctioned party from supporting or opposing designated claims or defenses. (§ 2023.030, subd. (b).) Subdivision (c) provides that the court "may impose an evidence sanction by an order prohibiting any party engaging in the misuse of the discovery process from introducing designated matters in evidence." (§ 2023.030, subd. (c).) Lastly, subdivision (d) provides that the court "may impose a terminating sanction by[,]" among other things, "striking out the pleadings or parts of the pleadings of any party engaging in the misuse of the discovery process." (§ 2023.030, subd. (d).)

10

"The discovery statutes evince an incremental approach to discovery sanctions, starting with monetary sanctions and ending with the ultimate sanction of termination. 'Discovery sanctions "should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery." ' [Citation.] If a lesser sanction fails to curb misuse, a greater sanction is warranted. . . . 'A decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction.' " (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992.)

"The party subject to sanctions bears the burden to establish it acted with substantial justification or other circumstances make the imposition of the sanction unjust. [Citation.] Substantial justification means clearly reasonable justification that is well grounded in both law and fact. [Citations.] The losing party has the burden of proving substantial justification on appeal. [Citations.]" (*Padron v. Watchtower Bible & Tract Society of New York, Inc.* (2017) 16 Cal.App.5th 1246, 1269 (*Padron*).)

*B. Analysis*

The record shows that Radovic properly served RFPs on Milosevic in October 2019, and that the trial court ordered Milosevic to serve code-compliant responses to a subset of those RFPs in February 2022 and again in May 2022. But after the court gave Milosevic numerous opportunities to comply with its orders over several months, Milosevic failed to satisfy meet-and-confer obligations, delayed the progress of proceedings, and never filed proper responses to the RFPs, forcing Radovic to seek various forms of relief from the court. In many instances, Milosevic failed to follow proper

11

procedures in timely objecting to, or opposing, Radovic's requests and motions. Furthermore, on multiple occasions Milosevic and his attorney were evasive and misinformed both the court and Radovic about the status of discovery. Under these circumstances, we conclude that the trial court did not abuse its discretion in imposing issue and evidentiary sanctions against Milosevic. (See *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 820 [terminating sanctions were justified where appellants failed to comply with court's orders to respond to discovery requests three months after those orders issued].)

Milosevic argues he substantially complied with the court's orders because he produced documents in June 2022, and because he submitted sworn declarations stating there were no additional documents to be produced.[2] " ' "Substantial compliance, as the phrase is used in the decisions, means actual compliance in respect to the substance essential to every reasonable objective of the statute." [Citation.] Where there is compliance as to all matters of substance technical deviations are not to be given the stature of noncompliance. [Citation.] Substance prevails over form.' [Citations.]" (*St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 779 (*St. Mary*).)

---

[2] Milosevic also argues for the first time on appeal that Radovic's second motion for terminating sanctions was procedurally defective because it did not include a "separate statement" in accordance with rules of the court. (See Cal. Rules of Court, rule 3.1345(a)(7).) A separate statement "provides all the information necessary to understand each discovery request and all the responses to it that are at issue." (*Id.*, rule 3.1345(c).) Milosevic, however, failed to raise the issue below, and we decline to exercise our discretion to decide it on appeal because there is no evidence Milosevic was prejudiced by the lack of a separate statement. (See, e.g., *Bialo v. Western Mutual Ins. Co.* (2002) 95 Cal.App.4th 68, 73 ["Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived."].)

Here, the trial court acted within its discretion by impliedly finding that Milosevic did not comply in all matters of substance with only technical deviations. The record supports, and Milosevic does not effectively dispute, that the "additional documents" he produced in June 2022 were largely duplicates of previously produced documents that did not correspond to the RFPs at issue. The sworn declarations, which were untimely filed within two days of the hearing on Radovic's motion, stated without evidentiary support that Milosevic had "complied with all of the Court's Orders[.]" Milosevic's counsel then said at the hearing that he did *not* provide "substantive" responses because they "anticipated discovery would be ongoing[,]" and he proceeded to admit that the responses he did provide were both untimely and not code-compliant.

This is not a situation where the non-compliant responses achieved "each objective or purpose" of the applicable discovery statute (*Costa v. Superior Court* (2006) 37 Cal.4th 986, 1017, fn. 24), nor were the responses here "meaningful, substantive responses" which constituted a "facially . . . good-faith effort to respond" to the RFPs. (*St. Mary, supra*, 223 Cal.App.4th at p. 782.) And as the trial court noted at the February 2022 hearing, Milosevic's objections to the specific RFPs at issue were unsupported and without merit at the outset. The record thus contains sufficient evidence to support the court's determination that Milosevic did not substantially comply with the court's orders.

Milosevic further contends that the trial court failed to take an incremental approach to issuing sanctions, and that the sanctions here are disproportionate and tantamount to terminating sanctions. The court, however, did take an incremental approach by twice awarding only monetary sanctions—over the course of several months—before resorting to issue and

13

evidentiary sanctions. The court gave detailed instructions in both its February and May 2022 orders regarding what was required of Milosevic. Milosevic's attorney even acknowledged at the August 2022 hearing that the court "was very, very clear in terms of what [Milosevic] had to do[]" after it denied his motion for reconsideration. In its May 2022 order, the court expressly put Milosevic "on notice that failure to comply with court orders and/or future misuses/abuses of the discovery process could expose him to the very sanctions [Radovic] sought" in her first motion for terminating sanctions. Moreover, the court found, and substantial evidence supports, that less severe sanctions would not produce compliance because mere monetary sanctions had already failed to produce compliance twice.

Even if the issue and evidentiary sanctions have the effect of terminating sanctions, as Milosevic contends, "[b]ecause the persistent refusal to comply with discovery requests is equated with an admission that the disobedient party has no meritorious claim in regard to that issue, the appropriate sanction for such conduct is preclusion of that evidence from trial, even if that proves determinative in terminating the offending party's case. [Citations.]" (*Karlsson v. Ford Motor Co.* (2006) 140 Cal.App.4th 1202, 1219; see *Mileikowsky, supra,* 128 Cal.App.4th at pp. 279–280 ["where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction"].)

In sum, the trial court did not abuse its discretion in finding that Milosevic "unquestionably misused the discovery process" and "repeatedly failed to fulfill promises" to produce responsive documents. The record further supports the court's finding that Milosevic's conduct was willful and "has been an affront to the court and the judicial process." And importantly,

14

Milosevic has not demonstrated that he had any substantial justification for his failures to comply with the court's orders.  (*Padron, supra*, 16 Cal.App.5th at p. 1269.)  Milosevic also presents no reason for reversing the order imposing monetary sanctions other than arguing that imposing non-monetary sanctions was unwarranted.  Because we conclude that the trial court did not abuse its discretion in awarding issue and evidentiary sanctions, we affirm the monetary sanctions.

DISPOSITION

The order for sanctions is affirmed.  Respondent is awarded her costs on appeal.


BUCHANAN, J.

WE CONCUR:



McCONNELL, P. J.



DO, J.